UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANNY-ORLANDO PASTRANA and
DANNY-ANTONIO PASTRANA,

    Plaintiffs,

v.                                                                 Case No. 5:24-cv-604-TPB-PRL

THE STATE OF FLORIDA, et al.,

    Defendants.
_____/

**ORDER DISMISSING COMPLAINT AND DIRECTING AMENDED COMPLAINT**

This matter is before the Court *sua sponte* on the complaint purportedly filed by Plaintiffs Danny-Orlando Pastrana and Danny-Antonio Pastrana.

In this purported § 1983 action, Plaintiffs Danny-Orlando Pastrana and Danny-Antonio Pastrana sue Defendants for numerous alleged constitutional violations stemming from an October 28, 2024, arrest by Lake County police officers. Danny-Antonio appears to allege, among other things, "severe mistreatment during confinement."[1] Danny-Orlando alleges, among other things, excessive force and unlawful arrest. They request the immediate release of Danny-Orlando Pastrana from custody, the expungement of all records, the impeachment and termination of public officials, a temporary restraining order against the Lake County Police, and compensatory and punitive damages.

---

[1] It is not clear whether Danny-Antonio was arrested and charged related to this incident, or whether this claim is actually based on Danny-Orlando's confinement.

*Signatures*

The complaint was signed only by Danny-Antonio Pastrana – it was not signed by Danny-Orlando Pastrana.  But Danny-Antonio is not an attorney and he is not permitted to file any papers on behalf of Plaintiff Danny-Orlando.  Danny-Orlando must either sign the complaint himself, or he must be represented by counsel who may sign on his behalf.  *See* Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed... by a party personally if the party is unrepresented.").  Danny-Antonio may not represent Danny-Orlando in this case.[2]

The Court will therefore dismiss the complaint without prejudice.  Plaintiffs may file an amended complaint – signed by both Danny-Antonio and Danny-Orlando – if they intend to proceed as plaintiffs together in this action.[3]  Otherwise, if they intend to proceed separately, an amended complaint may be filed on behalf of only one plaintiff, whether it be Danny-Antonio or Danny-Orlando, as long as that complaint is signed by that person.  **The amended complaint should not include any claims against Lake County Judge Emily Curington, for the reasons discussed below**.  The amended complaint is due on December 4, 2024.  Failure to file an amended complaint as directed will result in this Order becoming a final judgment.

---

[2] Danny-Antonio is warned that he may be subject to criminal prosecution for engaging in the unauthorized practice of law if he continues to file lawsuits or filings on behalf of others when he is not a licensed attorney in this jurisdiction.  The section of the Florida Statutes making the unauthorized practice of law a criminal offense can be found at § 454.23, *F.S.*
[3] The Court does not determine at this stage of the proceedings whether it is appropriate for these claims to be brought together or whether the claims should be brought separately.

*Judicial Immunity*

Plaintiffs sue Lake County Judge Emily Curington, claiming that she revoked Danny-Orlando's bond by setting it at an excessive amount, failed to provide an oath and bond, and upheld the "unlawful charges" against Danny-Orlando.

As the Eleventh Circuit explained:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' " *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable. *Id.* at 1242. "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020). Importantly, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge Curington is entitled to absolute judicial immunity. *See, e.g., McCree*, 2020 WL 2632329, at 1-2 (holding that judge was entitled to absolute judicial immunity from injunctive relief and money damages where plaintiff alleged that judge violated his constitutional rights by arbitrarily denying motion); *Bolin*, 225 F.3d at 1239-40 (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is

clearly absent); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judge will not be deprived of immunity even if action was in error, done maliciously, or in excess of his authority, and he is only subject to liability in the clear absence of all jurisdiction). Because Plaintiffs' allegations emanate from actions taken by Judge Curington in her official judicial capacity during proceedings over which she had jurisdiction, she is absolutely immune from civil liability. Consequently, the claims against Judge Curington are dismissed with prejudice. **Any amended complaint should not include any claims against Judge Emily Curington.**

*Warning for Pro Se Litigants*

Plaintiffs are advised that even pro se plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiffs should consider hiring an attorney. If they are unable to afford counsel, they should consider the resources available to pro se litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist pro se litigants proceeding in federal court, which is located on the Court's website.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The complaint is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiffs may file an amended complaint on or before December 4, 2024. The amended complaint must be signed by both Danny-Antonio and Danny-Orlando if they intend to proceed together in this action together. If they do

not intend to proceed in this one action together, an amended complaint may be filed on behalf of only one plaintiff, whether it be Danny-Antonio or Danny-Orlando, as long as that amended complaint is signed by that person.

3. Failure to file an amended complaint as directed will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Ocala, Florida, this 13th day of November, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE